1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Hartford Insurance Company of the)    No. CV 11-32-PHX-FJM
     Midwest,                          )
10                                      )    **ORDER**
                    Plaintiff,          )
11                                      )
     vs.                                )
12                                      )
                                        )
13   John Daniel Stern, Emily Ann Stern, and)
     Brandon Shea Tribble,              )
14                                      )
                    Defendant.          )
15                                      )
                                        )
16

17         The court has before it plaintiff's Motion for entry of Default Judgment (doc. 18),

18   defendant Tribble's Response and Motion to set aside default (doc. 22), Request for Hearing

19   (doc. 24), Tribble's Memorandum in support (docs. 28 and 33), plaintiff's Reply to the

20   Response and Response to the Motion to set aside (doc. 34), defendant Tribble's Reply (doc.

21   37), defendant Emily Stern's Joinder in the Motion to set aside (doc. 38), and plaintiff's

22   Motion to strike Emily Stern's Answer (doc. 36).

23         The case is a bit tangled.  We need to sort it out.  This is an action by an insurer

24   against two insureds (the Sterns) and a state court plaintiff (Tribble) seeking a declaration

25   that there is no coverage for the state court claim by Tribble against the Sterns. The clerk has

26   entered default against the Sterns. (Doc. 17).  Tribble has answered. (Doc. 12).

27         Plaintiff seeks a default judgment against the Sterns.  Tribble contends that plaintiff

28   is not entitled to judgment and that default should be set aside because, among other reasons,

1  plaintiff failed to give notice to the Sterns' state court lawyer.  Plaintiff contends that Tribble

2  has no standing to assert the rights of the Sterns and that, in any event, Tribble would not be

3  prejudiced by the default of the Sterns because he will not be bound by a judgment against

4  the Sterns.  Plaintiff suggests that we delay entry of final judgment against the Sterns pending

5  the resolution of the claim against Tribble. Plaintiff contends that it would be prejudiced if

6  default were set aside and the Sterns refused to participate.

7          Meanwhile, Emily Sterns, although not John Sterns, filed an Answer. (Doc. 35).

8  Tribble now contends that the standing issue is mooted by Emily's Answer.  Indeed, Mr.

9  Garibay, as "[a]ttorney for *Defendants* Stern" (emphasis added), filed a Joinder in the Motion

10  to set aside and Response to the motion for entry of default judgment.  (Doc. 38).  Plaintiff

11  asks us to strike Emily's Answer, because default has not yet been set aside. (Doc. 36).

12          Because plaintiff concedes that we have to decide the coverage question as to Tribble

13  on the merits anyway, the practical effect of default against the Sterns is somewhat uncertain,

14  or at least unexplored by the parties here.  We think that now that the Sterns wish to

15  participate it makes sense to resolve the merits once for all parties, unencumbered by messy

16  default issues.  Accordingly, it is ORDERED as follows:

17          DENYING Plaintiff's Motion for entry of default Judgment (doc. 18),

18          GRANTING Defendants Tribble and Sterns' Motion to set aside Default (doc. 22 and

19  38),

20          DENYING Tribble's Request for Evidentiary Hearing (doc. 24), and,

21          DENYING plaintiff's Motion to strike Emily Stern's Answer. (Doc. 36).

22          It is further ORDERED that defendant John Daniel Stern will file his Answer no later

23  than June 24, 2011.

24          DATED this 10th day of June, 2011.

25

26          _____

27          Frederick J. Martone
            United States District Judge

28

- 2 -